# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Miguel Antonio Garcia Campos** <br> **Plaintiffs** <br><br> **Vs.** <br><br> **EC Waste LLC and Randy Jensen** <br> **Defendants** | **Civil Case No. 22-1309** <br><br> **Jury Trial Demanded** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COMES, PLAINTIFF**, through the undersigned attorneys, and very respectfully state, allege and pray:

### JURISDICTION

1. Jurisdiction to entertain this suit is conferred by 29 USC §1331 and §1332.

2. The court's is asked to exercise supplemental jurisdiction upon concomitant state law claims.

3. Venue es proper pursuant to 28 U.S.C. §1391 because all of the facts pertaining to the claims occurred within the Commonwealth of Puerto Rico.

PARTIES

4. The plaintiff in this case Miguel Antonio Garcia Campos is an engineer resident of Toa Baja, Puerto Rico.

5. The defendant in this case EC Waste LLC is a corporation with offices in Humacao, Puerto Rico. Its operations employ in excess of 300 employees.

6. The defendant Randy Jensen is a principal and the sole shareholder of EC Waste LLC. He is included because the foreign corporation has failed or seems to have failed to maintain its corporate authorization to conduct business within the Commonwealth of Puerto Rico up to date.

FACTS

7. The plaintiff in this case was 46 years of age as of the moment the events narrated in the complaint occurred.

8. The plaintiff had been working with Allied Waste, a subsidiary of Republic Services since January 10, 2010 as a Manager in Charge of Environmental Compliance and Capital Improvements.

9. His duties included the review and development of environmental compliance plans for the landfills operated by the company within the Commonwealth of Puerto Rico.

2

10. This is a highly technical and professional task which requires that Garcia oversee the operations of the landfill to make sure that day to day operations do not infringe with the overarching objective of compliance with the environmental plans.

11. As such Garcia supervised a team of individuals performing various functions across different locations.

12. On September 1, 2020 E.C. Waste LLC bought the operations of Allied and succeeded it as plaintiff's employer.

13. As part of the transition, Republic Services, which was Allied's matrix company, allowed plaintiff to retain access to its database which contained all the information for the landfill projects administrated in the island.

14. The directives and principals of E.C. Waste indicated that a transition period would follow in which they would analyze the incorporation of the Allied business into the E.C.Waste organization.

15. Since he was a manager, plaintiff requested that E.C. Waste clarify what his role and duties would be within the E.C. Waste hierarchy.

16. Immediately upon taking over the operations, E.C. Waste terminated the employment of staff under plaintiff's direct supervision.

17. The termination of the staff caused confusion with regards to the position occupied by Mr. Garcia and which duties and prerogatives he had.

18. As a result Garcia had to absorb the majority of the functions and responsibilities that had been allocated to the staff under his supervision.

19. The directives and principals of E.C. Waste continued to demand from Garcia that he perform these duties and meet these responsibilities that had previously been assigned to the terminated staff who used to belong to his team.

20. Between September and November 2000 Garcia requested on repeated instances that E.C. Waste and its manager clarify the scope and extent of García's duties, responsibilities and prerogatives as manager of Environmental Compliance.

21. The directives and principals of E.C. Waste consistently avoided that request.

22. During that period, and in multiple instances, Garcia complained to the directives and principals of E.C. Waste regarding the fact that they decided issues that were within his competency as

manager of Environmental Compliance, without consulting with him and without allowing him to participate in the decisions taken.

23. Simultaneously, the directives and principals of E.C. Waste represented to the clients whose landfills were being served that Garcia indeed participated of the decisions taken.

24. During this period Garcia was purposefully excluded from all meetings in which the environmental compliance plans were discussed and in which the directives and principals of E.C. Waste participated.

25. During the period between September and November 2020 Garcia was asked to download documents, and extract information from the landfill sites regarding the environmental compliance plans to the E.C. Waste directives and principals.

26. The duties and tasks in the preceding paragraph had been previously assigned to the personnel under Garcia's supervision.

27. At the end of November 2020 the CEO of E.C. Waste, Randy Jensen, summoned plaintiff to a meeting.

28. The meeting was ongoing with various other directives, managers and principals of E.C. Waste when Garcia arrived.

29. During the meeting Garcia was told that the company was in the process of reassigning his duties and that he would be informed of

which duties and responsibilities would be assigned to him and that if he did not agree to those duties that he would be offered a separation package.

30. A few days later Garcia was informed that he would be under the supervision of Jorge Alexis Melendez, who was then 35 years old and was the Chief of Engineering and Safety.

31. Garcia was not told whether he would resume his duties as manager of environmental compliance, and he was not informed of the position that he would occupy in the E.C. Waste operations.

32. At that point Garcia then asked the E.C. Waste directives and principals to put in writing the separation package that he was promised, and the position to which he would be appointed under the new managerial scheme.

33. Plaintiff wanted to be able to compare both options.

34. Garcia was then given a piece of paper with the description of his duties and that description completely lacked any managerial duties, functions or prerogatives.

35. A week later Garcia informed his superiors that the description lacked any management functions or duties and that he was being functionally demoted.

36. Garcia also complained that he was not explained what his compensation would be under this new assignment. Although his salary remained the same, his bonus and car allowance were unilaterally discontinued, and he was not given any differential pay for the duties that he absorbed that had been previously allocated to his staff.

37. Garcia also complained that he was never given any information about the separation package promised by Jensen.

38. While this process occurred, the E.C. Waste managers, directors and principals demanded that Garcia extract all of the electronic information contained in the Republic Services database concerning the Puerto Rico landfill operations.

39. On December 8, 2020 the plaintiff was summoned to an office at 6:30 p.m.

40. At that moment the E.C. Waste managers, directors and principals informed the plaintiff that he was terminated because he had failed to accept the terms and conditions submitted to him for his continued employment.

41. Plaintiff rejected the statement that he had quit by failing to accept the terms and conditions, and responded that he was being terminated without cause, and without having expressed any intention to

quit his employment; but surrendered the company property in his possession.

42. On, June 3, 2021 Garcia submitted a charge of discrimination with the Equal Employment Opportunity Commission alleging that he was subject to a pattern of discrimination spanning from September 1, 2020 to December 8, 2020 on based upon his age.

43. That charge of discrimination was terminated on March 31, 2022. The Equal Employment Opportunity Commission issued a right to sue letter on that same day which was received by mail by Garcia on April 4, 2022.

44. On January 26, 2021 Garcia had sent a letter demanding extrajudicially the payment of his unjust termination compensation, punitive damages, duplicate damages, compensatory damages and attorney's fees for damages arising from defendants' discriminatory treatment harassment, and retaliation against Garcia. That letter and the filing of the discrimination charge had the effect of tolling all applicable statute of limitations which are applicable to the claims brought by Garcia forthwith in this action.

## CAUSES OF ACTION

**Age discrimination**

45. The managers, directors and principals at E.C. Waste refused to assign plaintiff any managerial duties in order to favor a younger but inept candidate.

46. The managers, directors and principals at E.C. Waste terminated the plaintiff in order to assign his position to a younger but inept candidate.

47. Garcia's termination was motivated by his age.

48. The facts narrated above constitute discrimination prohibited by the Age Discrimination in Employment Act 29 USC §623.

49. These actions also constitute discrimination prohibited by Law 100, 29 LPRA §146 of the laws of Puerto Rico.

**Unjust termination**

50. Plaintiffs was unjustly terminated under Puerto Rico law because the employer continued to operate, plaintiff's duties and position were still useful to the employer, and plaintiff did not incur in any disruptive behavior that would justify termination of his employment.

51. Plaintiff is entitled to compensation under Law 80 of May 30, 1976.  29 LPRA §185a.

**Retaliation**

52. Plaintiff availed himself of the company's legal framework to demand that his compensation and duties be clarified and that the company detail the nature of his work description.

53. The defendant retaliated against the plaintiff when he refused to make a determination regarding the acceptance of the job description sheet before the clarification of his duties and compensation as per company policy. This is protected conduct under the relevant anti-retaliation statutes.

54. Such retaliation is prohibited by the Age Discrimination in Employment Act as interpreted.

55. Law 115, 29 LPRA §194 also prohibits retaliation based on the lawful exercise of protected conduct.

**Workplace Harassment and Claims for Local Constitutional Violations**

56. The employer's actions and omissions have no basis on reasonable managerial practices. There was no justification for the undignified treatment of Mr. Garcia by the E.C. Waste personnel which was designed for the sole purpose of imposing an unreasonable workplace environment and to drive Mr. Garcia to quit his employment.

57. The Laws and Constitution of the Commonwealth of Puerto Rico protects employees against.  Law 90 of 2020 specifically prohibits workplace harassment in Article 5 by prescribing that the employer would be civilly responsible.

58. Article II, section 1 of the Puerto Rico Constitution also prescribes that human dignity is paramount and the right to seek redress against violations of dignity values has been made actionable through former Article 1802, of the 1930 Puerto Rico Civil Code, now Article 1536 of the 2020 Puerto Rico Civil Code, 31 LPRA §10801.

RELIEF

59. Plaintiff requests that he be paid the monetary relief provided by law for his unjust termination in an amount no less than $150.000.00

60. Plaintiff request to be compensated for salaries and bonuses not received, front pay and back pay from the employer in an amount not less than $300,000.00

61. Plaintiff requests that he be compensated for his mental anguish and moral suffering resulting from being discriminatorily treated, being subject to retaliation, and being subject to harassment by the managers, directors and principals of E.C. Waste in an amount no less than $500,000.00.

62. Plaintiff requests the imposition of a double award for compensation of his damages due to discriminatory treatment.

63. Plaintiff requests the imposition of attorney's fees and costs against the defendant.

**WHEREFORE**, it is respectfully requested from this Honorable Court that it grants the relief sought and that it sentences the defendant to the payment of $1,000,000.00.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this June 27, 2022.

**IT IS HEREBY CERTIFIED:** that on this date the undersigned attorney was filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

> 100 Plaza Pradera SC Ste. 20 PMB 130
> Toa Baja, PR 00949
> Tel. 787-647-6632
>
> S/ Julio C Alejandro S
> **JULIO CESAR ALEJANDO SERRANO**
> **USDC-PR 216602**
> alejandroj.abogadopr@gmail.com

Document1